UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61712-CIV-COHN/SNOW

DORSEY SUTTON,　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Snow

　　　　Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
An agency of the State of Florida, FLORIDA
PAROLE COMMISSION, An agency of the State of
Florida, T.J. HAAS, individually, KATY EDOUARD,
Individually, and BENITO CASAL, individually,

　　　　Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ORDER DIRECTING PLAINTIFF TO RESPOND TO FDOC'S MOTION FOR SIMILAR RELIEF**

　　　　THIS CAUSE is before the Court upon Plaintiff's Motion for Partial Summary Judgment [DE 65] and Defendant's Alternative Motion in the Alternative to Strike Portions of Plaintiff's Reply [DE 105]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises.[1]

I. BACKGROUND

　　　　Plaintiff Dorsey Sutton ("Plaintiff") filed an action against Defendants Florida Department of Corrections ("DOC"), Florida Parole Commission ("FPC"), T.J. Haas, Katy Edouard, and Benito Casal, alleging claims for false arrest and false imprisonment under

---

[1] On March 8, 2007, the parties filed a joint motion to stay discovery pending mediation [DE 107], which the Court granted for a 45-day period on March 12, 2007 [DE 109]. However, on March 15, 2007, the Court received the Report of Mediation indicated that there was an impasse in mediation efforts [DE 112]. Therefore, the Court proceeds to rule upon the pending, ripe motions.

federal civil rights law and a claim of vicarious liability under Florida Statute Section 768.28. Plaintiff alleges he was wrongfully incarcerated on a violation of supervised release for not updating his domicile address for which he served over six months in prison before the Department of Corrections recognized that Plaintiff should have never been placed on conditional release as a first-time felony offender. In the Amended Complaint, Plaintiff asserts that Defendants Haas, Edouard and Casal violated 42 U.S.C. § 1983 by means of a false arrest and false imprisonment of Plaintiff. In Count IV, Plaintiff asserts that Defendants DOC and FPC are vicariously liable under Fla. Stat. § 768.28 for their employees' alleged false arrest and false imprisonment of Plaintiff.

Plaintiff was incarcerated for a period of time commencing in February 1999, after being convicted for aggravated assault with a motor vehicle in connection with an auto accident. According to the Department of Corrections website, Plaintiff was sentenced to a period of 77 months. Other than the convictions stemming from this incident, the website does not list any other offenses in Plaintiff's criminal history in the state system. Plaintiff was released from custody on June 25, 2002. At that time, he was placed on conditional release by the Florida Parole Commission. Appendix, Exhibit A to Plaintiff's Motion [DE 67]. The FPC makes release status decisions based upon recommendations of the DOC. Defendant T.J. Haas' stamp, presumably his signature, appears on the Certificate of Conditional Release form as the "TAO, Everglades C.I."

Plaintiff contends that he repeatedly informed Defendant Haas, as well as representatives of both the DOC and FPC, that he should not be placed on conditional release because he did not have a prior felony conviction. Plaintiff refused to sign the

2

Certificate of Conditional Release.  Id.

On March 28, 2003, Defendant Casal determined that Plaintiff had violated his conditional release by failing to submit a truthful report regarding his current address. Appendix, Exhibit B to Plaintiff's Motion [DE 67].  Plaintiff alleges that he was homeless at the time and gave the Veteran's Administration building address as his residence on March 13, 2004.  On March 27, 2003, Defendant Casal conducted a field visit and determined that the given address was the Veteran's Administration Building.  Plaintiff was then incarcerated on April 9, 2003, after an administrative judge found Plaintiff guilty of the violation.  Amended Complaint, ¶ 22.   After several months, Plaintiff filed a Petition for Writ of Habeas Corpus on October 24, 2003.  Id. at ¶ 24.  Plaintiff was released on October 31, 2003.  Id. at ¶ 26.  In the FPC's Amended Response to Plaintiff's Request for Admissions, the FPC admitted that Plaintiff was not in fact eligible for conditional release supervision in June, 2002.  Appendix, Exhibit F to Plaintiff's Motion [DE 68].

## II.  DISCUSSION

Plaintiff's motion seeks a finding of liability as to the FPC and/or the DOC for the incorrect initial designation of conditional release in June, 2002.  It is important to note that this particular motion specifically is limited to this issue.[2]  This claim is made pursuant to Fla. Stat. § 768.28, which waives sovereign immunity for torts committed by employees of state agencies.  Agencies are vicariously liable for the "negligent or wrongful act or

---

[2] In his reply in support of his motion, Plaintiff appears to raise the issue of liability based upon later actions of FDOC employees.  Defendant filed a sur-reply or motion to strike on these issues.  The Court treats Plaintiff's motion as limited to the initial designation issue.

omission of any employee." Fla. Stat. §768.28(1).

Plaintiff's argument is quite simple. The FPC incorrectly designated Plaintiff, based upon information from the DOC, which led to Plaintiff's false arrest and imprisonment by state employees resulting in various hardships and damages to Plaintiff. The DOC opposes the motion by stating that it merely makes recommendations to the FPC, which in turn has the legal responsibility to set release conditions, if any, upon prison releasees. See Department of Corrections v. Williams, 901So.2d 169, 170 (Fla. Dist. Ct. App. 2005). As to any issues other than the issue of initial designation, such as whether Plaintiff's complaints to DOC employees went unheeded, the DOC notes that no discovery on those issues had been completed.[3] The FPC opposed the motion on the grounds that Defendants Haas and Edouard, whose names appear on documents related to the initial designation, are employees of the DOC, and not the FPC.

The Court concludes that Plaintiff's straightforward argument assumes that vicarious liability is the same as strict liability. Under the claim at issue in this motion under Fla. Stat. § 768.28, Plaintiff must still prove some wrongful or negligent act by an employee of the FPC (or FDOC). It is now undisputed that the FPC is the agency that is responsible for the initial designation. Plaintiff has conceded that it did not name an employee of the FPC as a defendant in this case due to the qualified immunity doctrine under 42 U.S.C. § 1983. Plaintiff's Reply, ¶ 6 [DE 103]. However, for liability to attach to

---

[3] After making this argument, DOC moved for partial summary judgment as to the issues of the responsibility for placing the Plaintiff on the conditional release program and DOC's initial liability for taking control of the Plaintiff as a result of the FPC placing Plaintiff on the conditional release program. Plaintiff did not separately respond to this motion, so the Court will defer ruling on this motion.

the FPC under Fla. Stat. 768.28, the Court must find some wrongdoing by an employee of the FPC. Plaintiff has not put forth evidence as to which employee that might be, other than a general reference to the FPC's decision to designate Plaintiff for conditional release. As to the DOC's employees, discovery is not complete as to the extent of their involvement.

### III. CONCLUSION

The Court concludes that Plaintiff's motion for partial summary judgment should be denied at this time. The admission that the FPC mistakenly placed Plaintiff on conditional release does not automatically subject the FPC to liability under Fla. Stat. § 768.28, as explained above.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Partial Summary Judgment [DE 65] is hereby **DENIED**;

2. Defendant's Alternative Motion in the Alternative to Strike Portions of Plaintiff's Reply [DE 105] is hereby **DENIED as moot**;

3. Plaintiff shall respond to Defendant DOC's Motion for Partial Summary Judgment [DE 104] by April 23, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of April, 2007.

JAMES I. COHN
United States District Judge

copies to:
Jeffrey A. Norkin, Esq.
Donald H. Benson, Esq.
Joy Stubbs, Esq.
Alicia Lyons-Laufer, Esq./Alison B. Marshall, Esq.