UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61712-CIV-COHN

DORSEY SUTTON,   Magistrate Judge Snow

   Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
An agency of the State of Florida, FLORIDA
PAROLE COMMISSION, An agency of the State of
Florida, T.J. HAAS, individually, KATY EDOUARD,
Individually, and BENITO CASAL, individually,

   Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ORDER DENYING MOTION TO DISQUALIFY COUNSEL**
**ORDER GRANTING IN PART UNOPPOSED MOTION TO CONTINUE**

THIS CAUSE is before the Court upon Defendant Department of Corrections' Motion for Partial Summary Judgment [DE 104], Plaintiff's Motion to Disqualify Counsel for Defendants Haas and Casal [DE 111], Plaintiff's Alternative Motion for Enlargement of Time [DE 123], Plaintiff's Unopposed Motion for Extension of Discovery Period and Pretrial and Trial Dates [DE 127], and Defendants Casal and Haas' Motion for Extension of Time [DE 137]. The Court has carefully considered the motions, responses and replies thereto, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Dorsey Sutton ("Plaintiff") filed an action against Defendants Florida Department of Corrections ("DOC"), Florida Parole Commission ("FPC"), T.J. Haas, Katy Edouard, and Benito Casal, alleging claims for false arrest and false imprisonment

under federal civil rights law and a claim of vicarious liability under Florida Statute Section 768.28.  Plaintiff alleges he was wrongfully incarcerated on a violation of supervised release for not updating his domicile address for which he served over six months in prison before the Department of Corrections recognized that Plaintiff should have never been placed on conditional release as a first-time felony offender.  In the Amended Complaint, Plaintiff asserts that Defendants Haas, Edouard and Casal violated 42 U.S.C. § 1983 by means of a false arrest and false imprisonment of Plaintiff.  In Count IV, Plaintiff asserts that Defendants DOC and FPC are vicariously liable under Fla. Stat. § 768.28 for their employees' alleged false arrest and false imprisonment of Plaintiff.

Plaintiff was incarcerated for a period of time commencing in February 1999, after being convicted for aggravated assault with a motor vehicle in connection with an auto accident.  According to the Department of Corrections website, Plaintiff was sentenced to a period of 77 months imprisonment.  Other than the convictions stemming from this incident, the website does not list any other offenses in Plaintiff's criminal history in the state system.  Plaintiff was released from custody on June 25, 2002.  At that time, he was placed on conditional release by the Florida Parole Commission.  Appendix, Exhibit A to Plaintiff's Motion [DE 67].  The FPC makes release status decisions based upon recommendations of the DOC.  Defendant T.J. Haas' stamp, presumably his signature, appears on the Certificate of Conditional Release form as the "TAO, Everglades C.I."

Plaintiff contends that he repeatedly informed Defendant Haas, as well as representatives of both the DOC and FPC, that he should not be placed on conditional

release because he did not have a prior felony conviction. Plaintiff refused to sign the Certificate of Conditional Release. Id.

On March 28, 2003, Defendant Casal, a probation officer, determined that Plaintiff had violated his conditional release by failing to submit a truthful report regarding his current address. Appendix, Exhibit B to Plaintiff's Motion for Partial Summary Judgment [DE 67]. Plaintiff alleges that he was homeless at the time and gave the Veteran's Administration building address as his residence. On March 27, 2003, Defendant Casal conducted a field visit and determined that the given address was the Veteran's Administration Building. Plaintiff was then incarcerated on April 9, 2003, after an administrative judge found Plaintiff guilty of the violation. Amended Complaint, ¶ 22. After several months, Plaintiff filed a Petition for Writ of Habeas Corpus on October 24, 2003. Id. at ¶ 24. Plaintiff was released on October 31, 2003. Id. at ¶ 26. In the FPC's Amended Response to Plaintiff's Request for Admissions, the FPC admitted that Plaintiff was not in fact eligible for conditional release supervision in June, 2002. Appendix, Exhibit F to Plaintiff's Motion [DE 68].

Plaintiff previously moved for partial summary judgment seeking a finding of liability as to the FPC and/or the DOC for the incorrect initial designation of conditional release in June, 2002. On April 4, 2007, this Court denied the motion, stating that: "[t]he admission that the FPC mistakenly placed Plaintiff on conditional release does not automatically subject the FPC to liability under Fla. Stat. § 768.28. . . ." Order at p. 5 [DE 118]. The Court noted that Plaintiff must still prove some wrongful or negligent act by an employee of the FPC (or FDOC). Id. at 4.

3

## II.  DISCUSSION

### A.  Motion for Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56©.  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56©, the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific

facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. at 249-50.

### B.  Issues Raised by Summary Judgment Motion

The present motion by DOC seeks a partial summary judgment that it "is not responsible for placing the Plaintiff on the Conditional Release Program," and that it is "immune from suit as a result of merely taking custody of the Plaintiff pursuant to an Order from FPC which was regular on its face and issued by a legal body having authority to issue said Order."  Defendant's Motion, "Wherefore" clause at p. 6.  DOC argues that it merely makes recommendations to the FPC, which in turn has the legal responsibility to set release conditions, if any, upon prison releasees.  See Department of Corrections v. Williams, 901So.2d 169, 170 (Fla. Dist. Ct. App. 2005).

Plaintiff opposes the present motion on the grounds that Fla. Stat. § 947.1405, as amended in 2001, now places significant responsibility on the DOC to investigate and make recommendations to the FPC, though the FPC makes the final decision.  Plaintiff asserts that the agencies share blame for the mistake in this case, and therefore

5

summary judgment should not be granted at this time. Plaintiff also asserts that discovery is not complete, particularly on the issue of the precise contents of the information "Packet" provided by DOC to FPC.[1] The Court did state in its Order denying Plaintiff's motion for partial summary judgment that: "[a]s to the DOC's employees, discovery is not complete as to the extent of their involvement." Order at p, 5. In its reply, DOC argues that the 2001 statutory changes did not affect the provision in § 947.1405(6) that gave ultimate authority to the FPC to make the determination as to whether an inmate is placed on conditional release.

The Court concludes that the issue of whether the DOC through its employees could be held liable for mistakes in its recommendations that were adopted by the FPC appears to be one of first impression. Given that the factual record has not yet been completely established, the Court will deny the DOC's motion at this time.[2]

### C.  Motion to Disqualify

Plaintiff has moved to disqualify counsel for Defendants Casal and Haas because of the conflict between the interests of these two Defendants. Plaintiff argues that Casal must argue that his actions in arresting Plaintiff were not intentional as he acted upon information Haas supplied. Other the other hand, Haas must argue that Casal committed an intentional tort to mitigate his own damages. Plaintiff asserts that these defendants would not be jointly and severally liable for their respective constitutional

---

[1] The Court notes that Plaintiff, without opposition from Defendants, are seeking an extension of certain pretrial deadlines and the trial date in this case.

[2] As to the immunity issue raised by DOC in its motion, Plaintiff asserts that the Court has already rejected this argument. See Order dated May 10, 2008, pp. 11-18 [DE 32]. The Court agrees.

6

violations as they occurred at different times (Haas at the time of designation, Casal at the time of incarceration).

Defendants oppose the motion and cite to various Florida cases describing the difficult burden an opposing party must reach before disqualification is ordered (Plaintiff's motion is devoid of case law).  Upon full consideration of the issue, the Court concludes that any conflict that might exist has been waived, and the motion for disqualification should be denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Department of Corrections' Motion for Partial Summary Judgment [DE 104] is hereby **DENIED**;

2. Plaintiff's Motion to Disqualify Counsel for Defendants Haas and Casal [DE 111] is hereby **DENIED**;

3. Plaintiff's Alternative Motion for Enlargement of Time [DE 123] is hereby **DENIED as moot**;

4. Plaintiff's Unopposed Motion for Extension of Discovery Period and Pretrial and Trial Dates [DE 127] and Defendants Casal and Haas' Motion for Extension of Time [DE 137] are hereby **GRANTED**;

5. The new schedule for this case is as follows: Discovery cutoff for all discovery is now July 20, 2007 while the dispositive motion deadline is now August 3, 2007;

6. The Calendar Call is rescheduled for Thursday, October 4, 2007 at 1:30pm, while the trial period is continued until the two-week period commencing Monday,

<u>October 15, 2007 (note this is a week from the following Monday).</u>

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2007.

JAMES I. COHN
United States District Judge

copies to:

Jeffrey A. Norkin, Esq.
Donald H. Benson, Esq.
Joy Stubbs, Esq.
Alicia Lyons-Laufer, Esq./Alison B. Marshall, Esq.