UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61712-CIV-COHN

DORSEY SUTTON,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
An agency of the State of Florida, FLORIDA
PAROLE COMMISSION, An agency of the State of
Florida, T.J. HAAS, individually, KATY EDOUARD,
Individually, and BENITO CASAL, individually,

    Defendants.
_____/

**OMNIBUS ORDER ON REMAINING DISCOVERY AND DEADLINE ISSUES**

THIS CAUSE is before the Court upon the Florida Parole Commission's ("FPC") Appeal of Magistrate Judge Snow's Order of June 22, 2007 [DE 154], the Florida Department of Corrections' ("DOC") Appeal of Magistrate Judge Snow's Order of June 22, 2007 [DE 152], Plaintiff's underlying Renewed Motion to Compel [DE 130], the FPC's Motion for a Stay or Extension of the Pretrial and Trial Schedule, or in the Alternative, Motion for Extension of Time to Submit Motions in Limine [DE 242], the DOC's Motion for Joinder in the extension motion [DE 246], and the DOC's Motion for Extension of Time to Complete Discovery [DE 248]. The Court has carefully considered all of the above and the entire record in this case.

I.  BACKGROUND

The Court has separately issued today an Omnibus Order Regarding Summary Judgment Motions [DE 260] that contains a full background of this case. However, a few pretrial issues remain unresolved that were not addressed in that order. Although

briefly alluded to by Plaintiff's counsel at the summary judgment motion hearing, the Court now addresses those outstanding discovery and scheduling issues.

## II.  DISCOVERY ISSUES

Earlier in the case, Plaintiff had sought to compel various documents and testimony from Defendants FPC and DOC.  Plaintiff's motion resulted in an Order by United States Magistrate Judge Lurana Snow which granted in part Plaintiff's motion to compel.  At the recent hearing regarding summary judgment, Plaintiff's counsel stated that he wished he had moved for contempt on Defendant's failure to supply some of this discovery.  However, such a contempt motion would not have been appropriate, as Defendants had timely filed appeals to Judge Snow's Order.  The Court now addresses those outstanding issues.

### A.  Parole Commissioner Testimony

The FPC appealed the portion of Judge Snow's Order that compelled the testimony of the FPC commissioner who made the decision to place Plaintiff on conditional release.  Judge Snow reasoned that because Plaintiff had asked for the agency representative who had the most knowledge why the Plaintiff was designated for conditional release, this person would be the Parole Commissioner who signed the order for conditional release.  Judge Snow found that Plaintiff cannot discovery the actual basis for his classification through general testimony of agency representatives familiar with department policy.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions.  Upon objection by a party, the District Court may reconsider

any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Massey v. United Transp. Union</u>, 868 F. Supp. 1385, 1388 (S.D.Ga.1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or contrary to law), <u>aff'd</u>, 65 F.3d 183 (11th Cir.1995).  Accordingly, unless Magistrate Judge Snow's determinations with respect to the discovery matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.

In its appeal, the FPC states that the Parole Commissioner likely based her decision on a good faith reliance on information provided by the DOC.  Moreover, Defendant designated Kiwanis Dickey, the FPC employee who works primarily with conditional release recommendations and who in fact has the "most knowledge of the manner in which and the reasons why the conditions for Plaintiff's release were decided upon, who decided them, what factors were considered, and what exactly those conditions were."  Order, p.4 [DE 154].  The FPC also argues that the Parole Commissioner's mental process into a conditional release decision should not be invaded, and moreover, it is unlikely that the Parole Commissioner would remember the case, other than to say that she relied on the information from the DOC.  Plaintiff did not file a response to the Appeal.

After the above decision by Judge Snow, Kiwanis Dickey's deposition was continued [DE 188-3].  In that deposition, she testified regarding her analysis of the DOC recommendation regarding Plaintiff's release status, and that she forwards the file to the Parole Commission.  Thus, further information has been uncovered regarding the

FPC process that was not available to Judge Snow.

The Court concludes that Judge Snow's decision was not clearly erroneous nor contrary to law, but must be modified in light of the continued deposition of Kiwanis Dickey. Plaintiff is still entitled to have on the record testimony by the Parole Commissioner who signed the conditional release order of the FPC that the Commissioner has no personal recollection of the decision to place Plaintiff on conditional release. The simplest way to handle this situation is for FPC to have the Parole Commissioner available for a brief deposition, limited to whether the Parole Commissioner has recollection of Plaintiff's case, and if so, questions regarding why Plaintiff was placed on conditional release, who made that decision, and what factors were considered. If Plaintiff agrees, however, such testimony may be made by sworn affidavit.

**B.  Documents regarding Conditional Release Violations in Miami-Dade County**

The DOC appealed that portion of Judge Snow's Order granting Plaintiff's motion to compel production of records for inspection for the period April 1, 2002 through March 30, 2003, the complete DOC file for "every case in which a DOC employee in Miami-Dade County declared an offender on conditional release to have violated the conditions of his or her release, regardless of whether that declaration of violation resulted in re-incarceration, some other discipline, or no discipline whatsoever." Judge Snow ruled that DOC did not discuss this particular discovery item in the opposition to the motion to compel.

Judge Snow's Order as to this issue is clearly erroneous, and also moot.  The DOC did in fact oppose this document request in its opposition to the Renewed Motion to Compel.  See DOC Response to Renewed Motion to Compel, pp. 11-12 [DE 131]. DOC argued that not only was the document request overbroad, in that violations for reasons other than improper address had nothing to do with this case, but even for improper address cases, such history has no bearing on Casal's action in this case.  In addition, DOC put forth an affidavit that the effort to pull these files was burdensome.

Plaintiff never responded to the Appeal/Objections.   The Magistrate's order should be reversed, based upon the fact that DOC did timely oppose the motion, and further that the evidence sought is not relevant to resolution of the claim against Casal or FDOC.  As the Court discussed in more detail in its Order Regarding Summary Judgment Motions [DE 260], because Casal personally investigated Plaintiff's address and found no one living there, evidence regarding other violation reports in Miami-Dade County are irrelevant.  Therefore, the Appeal/Objections are sustained, and the renewed motion to compel these documents is denied.

**C.  Motion to Take Deposition of Bayview Center Mental Health**

The DOC recently filed a motion to extend the discovery cutoff to take the deposition of a representative of Bayview Center.  The DOC has obtained the requested medical records from Bayview, but they appear to be an incomplete copy of Plaintiff's records from this facility.  Counsel for the DOC reports that Plaintiff does not oppose the motion, though the FPC does oppose the motion.

The Court concludes that the motion to take this deposition should be granted, as long as the deposition can be taken between December 10 and 21, 2007.  Counsel for

5

DOC shall immediately seek to schedule the deposition at a time mutually convenient for all remaining parties during these two weeks.

### III.  REMAINING SCHEDULE

The only remaining deadline before the December 20, 2007 Calendar Call is the motion in limine deadline.  The Court will grant the FPC's alternative motion seeking an extension of that deadline.  Now that the summary judgment motions have been ruled upon, the Court will keep the previously scheduled trial setting.

The Court grants an extension of that deadline until 4:00pm on Wednesday, December 12, 2007, a period of eight days from today's date.  Responses to motions in limine shall be due by 12 noon on Wednesday, December 19, 2007.  Argument on any motions in limine shall be heard at Calendar Call, still scheduled for Thursday, December 20, 2007 at 1:30pm, pursuant to the Court's August 9, 2007 Order [DE 177].  The trial remains as set to begin Wednesday, January 2, 2008.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Florida Parole Commission's Appeal of Magistrate Judge Snow's Order of June 22, 2007 [DE 154] is hereby **SUSTAINED in part**, and **DENIED in part**, as described above;

2. Counsel for the FPC and Plaintiff shall immediately confer, and if the brief deposition authorized by this Order is to be set, it shall be held between December 6 and 21, 2007, in Tallahassee, Florida, at a time determined by mutual agreement between counsel for Plaintiff and Defendants FPC and DOC;

3. The Florida Department of Corrections' Appeal/Objections to Magistrate Judge Snow's Order of June 22, 2007 [DE 152] is hereby **SUSTAINED** and Plaintiff's

6

underlying Renewed Motion to Compel [DE 130] is hereby **DENIED** as to the DOC documents at issue in the Appeal;

4. The DOC's Motion for Extension of Time to Complete Discovery [DE 248] is hereby **GRANTED**, in that a deposition of a corporate representative of Bayview Center Mental Health may be taken between December 10 and 21, 2007. This extension applies to no other discovery requests;

5. The FPC's Motion for a Stay or Extension of the Pretrial and Trial Schedule, or in the Alternative, Motion for Extension of Time to Submit Motions in Limine [DE 242] is hereby **GRANTED in part**, in that the motion in limine deadline shall be 4:30pm on December 12, 2007, and **DENIED** as to the other relief requested;

6. The DOC's Motion for Joinder in the extension motion [DE 246] is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of December, 2007.

JAMES I. COHN
United States District Judge

copies to:

All counsel of record